Opinion by
Mr. Justice Pringle.
The plaintiff in error, William Knoch, brought suit in the district court to set aside a treasurer’s deed issued to the County of Mesa on June 10, 1957. The deed conveyed a tract of land described as follows:
“That part of Lot 2 of Section 16, Township 1 South, Range 1 West, Ute Meridian lying North of the Red-lands Power Plant Tailrace,” located in Mesa County, Colorado.
Knoch commenced his suit on August 13, 1962, alleging that the treasurer’s deed in question was invalidly issued and void upon its face. He contended also that there was lack of proper notice of the issuance of the deed to parties who purportedly had an interest in the subject property.
The trial court granted defendant’s motion for a summary judgment and entered judgment accordingly. Knoch seeks reversal of that judgment.
In its findings, the trial court noted that, although there was some question as to the ownership of a portion of the tract, this was not a quiet title action and then specifically found that the treasurer’s deed was validly issued in compliance with C.R.S. ’53, 137-10-42. *243 As a result of that finding, the trial court held that plaintiff’s action was barred since it was not brought within the five year statute of limitation as required by C.R.'S. ’53, 137-11-1. That statute provides in part:
“No action for the recovery of lands sold for taxes shall lie unless the same be brought within five years after the execution and delivery of the deed therefor by the treasurer. * * *”
It is plaintiff’s contention that the deed was void upon its face and invalidly issued in that the county treasurer had failed to comply with the statutory requirements regarding notice and that, therefore, the statutory time limitation is not applicable. We have held that where the treasurer’s deed is void on its face, the five year statute of limitation (then Colo. Rev. Stat. 1908, Sec. 5733) is not set in motion. Empire Ranch & Cattle Company v. Brownson, 26 Colo. App. 228, 142 Pac. 421. See also cases cited in annotation following C.R.S. ’53, 137-11-1. We must therefore determine whether, as a matter of law, the treasurer’s deed in question was void.
C.R.S. ’53, 137-10-42 provides in pertinent part:
“* * * In cases where the county has held the tax certificate for eight years and in the opinion of the board of county commissioners such real estate is not used, operated or maintained wholly or in part in the interest or for the benefit of the public, said board shall apply for and receive a tax deed therefor. Upon making application in the case of tax certificates held, by the counties for five years or more, the county treasurer shall not be required to give notice provided for in Section 137-10-28, that ;a request or demand for tax deed has been made upon him.
“The county treasurer in lieu of such notice, at least sixty days before the day said deed shall issue, shall place in the mail a registered letter properly stamped and addressed to the last known residence of the person in whose name the real estate is assessed for the years *244 during which said taxes have not been paid, containing a notice that a tax deed has been applied for on a particular described property and that said tax deed will issue on a day certain. The county treasurer shall also post in a public place in the county courthouse, at least sixty days before said deed shall issue, a notice stating that a deed will be issued to the county on the real estate described in said notice. Said, notice shall contain the name of the person to whom the property is assessed together with the date said tax deed will issue. * * *” (Emphasis supplied.)
Uncontroverted affidavits, exhibits, and depositions on file show the following facts. The record title to the p'operty in question here was held in the names of William E. and Susan Hartman as joint tenants, but the property was assessed in the name of W. E. Hartman only. A certificate of purchase was issued to the County for the property on December 21, 1939, for delinquent 1938 taxes.
On April 10, 1957, notice was posted in a public place in the County Courthouse that a treasurer’s deed to the property would be issued to the County on June 10, 1957. The notice contained the name of W. E. Hartman and properly described the property in question.
As required when certificates are held for more than eight years, a copy of the above notice was sent by registered mail to the last known address of W. E. Hartman, in whose name the described property had always been assessed at the times critical to the issue here. A return receipt was received signed “Mrs. W. E. Hartman.” On June 10, 1957, a treasurer’s deed was issued to the County for the property and the deed was recorded June 24, 1957.
Plaintiff claims as a grantee of Susan Hartman and the heirs of W. E. Hartman by deed dated April 4, 1950. He concedes that proper notice had been given to W. E. Hartman; however, he complains that no notice was directed to Susan Hartman. But tlie applicable *245 statute here particularly requires notice only to 'the person in whose name the property was assessed. The fact that notice was not directed to Susan Hartman does not invalidate the deed inasmuch as the property was sufficiently described on the tax rolls and the taxes for which it was sold were unpaid at the time of the sale. Moreover, C.R.S. !53, 137-10-12 provides that:
“When any lands * * * are offered for sale for any taxes, it shall not be necessary to sell the same as the property of any person. No sale of any land * * * for taxes shall be considered invalid because charged on the roll in any other name than that of the rightful owner, or charged as unknown; but such land must be in other respects sufficiently described on the tax roll to identify it and the taxes for which it is sold must be due and unpaid at the time of the sale.”
Secondly, plaintiff contends that a portion of the property covered by the tax deed was on the tax rolls as being the property of Albert A. and Anne B. Coleman, and that no notice was given to the Colemans or their grantees of the issuance of the tax deed. Neither the Colemans nor their grantees have ever been a party to this suit and any complaint of failure of notice to them is not properly raised by Knoch who derives from the Hartmans whatever interest he contends for here.
Finally, plaintiff asserts that the deed is void since the deed shows the property being sold for 1938 taxes, whereas the tax sale certificate shows the property being sold for 1939 taxes. The error in the certificate was not fatal and does not affect the validity of the treasurer’s deed.
C.R.S. ’53, 137-10-35 provides the form for the treasurer’s deed and requires that the deed set forth the correct year for which the taxes were unpaid. The deed in this case fully complies with that statute, for it is uncontroverted that the property was sold for taxes of 1938, which is exactly what the deed says.
 It is therefore clear from the uncontroverted *246 facts established 'by the affidavits, depositions and exhibits that the deed was not void upon its face and that all the requirements of C.R.S. ’53, 137-10-42 were properly complied with. There being no genuine issue as to any material fact the trial court was correct in granting summary judgment and ruling that as a matter of law the action is barred by the statute of limitations because of the failure of the plaintiff to bring it within the five year period after the execution and delivery of the deed.
The judgment is affirmed.
Mr. Justice Frantz and Mr. Justice Schauer concur.